**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DUSTIN LYNN ROBY,** | ) | |
| **JUSTIN DOUST, and** | ) | |
| **JEREMY PAGE,** | ) | |
| | ) | **No. 3:22-cv-00659** |
| **Plaintiffs,** | ) | |
| | ) | **JUDGE RICHARDSON** |
| **v.** | ) | **MAGISTRATE JUDGE** |
| | ) | **NEWBERN** |
| **CHRISTY SCALLION, _et al.,_** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Dustin Lynn Roby, Justin Doust,[1] and Jeremy Page are inmates of Stewart County Detention Center in Dover, Tennessee. Plaintiff Roby, with supporting statements by Doust and Page, filed this pro se action under 42 U.S.C. § 1983 against Christy Scallion, Sandy Webster, Kenny Anderson, and the Stewart County Detention Center, alleging violations of Roby's civil rights. (Doc. No. 1).

## I. PRELIMINARY MATTERS

By Order entered on September 20, 2022, the Court informed Roby, Doust, and Page that additional action was required by each of them to proceed as plaintiffs to this lawsuit. (Doc. No. 5).

Roby has submitted an application to proceed in forma pauperis (Doc. No. 2) and supporting materials as required by the Court. (Doc. No. 6). From a review of Roby's application and supporting materials, it appears that he lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his motion will be granted.

---

[1] It is unclear, but Doust may be a former inmate of the Stewart County Detention Center, given his current mailing address.

1

Neither Doust nor Page responded to the Court's deficiency order. It appears that Doust and Page do not wish to participate in this action as plaintiffs. Although both submitted signed statements in support of the complaint in this action, the Court surmises that neither understood their statements to evidence an intent on their part to initiate a joint federal lawsuit with one another and with inmate Roby. Consequently, the Court does not consider Doust or Page to be parties to this action, and no filing fee will be assessed against either of them. Roby is the sole Plaintiff to this action, and he will be responsible for the payment of the full civil filing fee of $350, paid via installment plan, as outlined in the accompanying Order.

The complaint filed by Plaintiff Roby (Doc. No. 1) and supplemented by him (Doc. No. 4) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## II. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. SECTION 1983 STANDARD

Title 42, United States Code, Section 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."  42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## IV. ALLEGED FACTS

The complaint as supplemented alleges that Roby has been working "every day" as an inmate trustee at the Stewart County Detention Center; Roby was promised that he would earn good time credits for his trustee work and was "misled/denied" those credits (Doc. No. 1 at 4); Allegedly, Christy Scallion wrote Roby a "request #46188 that was very unprofessional and very rude" and the contents "put [Roby's] life in danger . . . ." (Doc. No. 4 at 1); the jail administrators refuse to tell Roby when his release date is; and Christy Scallion uses "bully tactics and retaliation" to discourage inmates from making requests. (Doc. No. 1at 12).

3

Further, the complaint as supplemented alleges that there is a sign in Sandy Webster's office stating, "Anyone who files suit on this jail will lose all good time." (Doc. No. 4 at 2). Roby "hopes [Defendants] are not allowed to do that." (*Id*.)

## V. ANALYSIS

The complaint names as Defendants the Stewart County Detention Center; Sergeant Christy Scallion; Lieutenant Sandy Webster; and Jail Administrator Kenny Anderson. (Doc. No. 1 at 2-3). Scallion, Webster, and Anderson are sued in their official capacities only. (*Id*.)

With respect to the Stewart County Detention Center, a jail or detention center is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing Section 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983.").Thus, the complaint fails to state a claim upon which relief can be granted under Section 1983 against the Stewart County Detention Center, and all claims against the Stewart County Detention Center will be dismissed.

Next, the complaint names Scallion, Webster, and Anderson in their official capacities. (Doc. No. 1 at 2-3). When a defendant is sued in his or her official capacity (as an employee of the government), the lawsuit is directed against "the [governmental] entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Here, the complaint alleges that these Defendants are employees of Stewart County, Tennessee. (Doc. No. 1 at 2-3). A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by Stewart County or its agent. *Monell v. Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). In short, for Stewart County to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official policy or custom

4

and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir.2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978)); *Regets v. City of Plymouth*, 568 F. App'x. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)).

Plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478. "A 'custom' for purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law.'" *Doe v. Claiborne Cnty., Tenn.*, 103 F.3d 495, 507 (6th Cir. 1996) (quoting *Monell*, 436 U.S. at 691); *see also Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) ("[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.") (citations omitted).

Here, construing the pro se complaint liberally, Plaintiff alleges that Stewart County has at least one policy or custom that could give rise to a colorable Section 1983 claim: a policy or custom of retaliating against inmates who file jail-related lawsuits as evidenced by the sign in Defendant Webster's office and Defendant Scallion's actions toward Plaintiff. However, Plaintiff did not name Stewart County as a defendant to this action. Nor did Plaintiff name Scallion, Webster, or Anderson as defendants in their individual capacities for alleged acts of retaliation[2] or denial of

---

[2] A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999).To establish a prima facie case of retaliation within the context of Section 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that

access to the courts.[3] And while Plaintiff generally alleges that Defendant Scallion endangered Plaintiff's life, Plaintiff does not provide specific allegations of what happened.[4]

Taking into consideration Plaintiff's pro se status and the allegations of the complaint, Plaintiff will be permitted to amend his complaint, if he so desires, to name an additional defendant or defendants with regard to Plaintiff's allegations of retaliation, denial of access to courts, and failure to protect. He must do so within 30 days of entry of this Memorandum Opinion and accompanying Order; otherwise, this case will be dismissed.

## VI. CONCLUSION

Having conducted the screening required by the PLRA, the Court determines that the complaint as is fails to state claims upon which relief can be granted under Section 1983 against the named Defendants.

However, taking into consideration Plaintiff's pro se status and the allegations of the complaint, Plaintiff will be permitted to amend his complaint, if he so desires, to name an

---

[3] The law is well settled that a prisoner has a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-23 (1977). The right of access to the courts requires prison officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." *Id.* at 822. To ensure the meaningful exercise of this right, prison officials are under an affirmative obligation to provide inmates with access to an adequate law library, *Walker v. Mintzes*, 771 F.2d 920, 931 (6th Cir. 1985), or some alternative form of legal assistance, *Procunier v. Martinez*, 416 U.S. 396, 419 (1974) (overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401 (1989)). What constitutes meaningful access varies with the circumstances, and prison officials are accorded discretion in determining how that right is to be administered. *Bounds*, 430 U.S. at 830-31. However, it is not enough for a plaintiff simply to claim that he was denied access to the courts, or that he did not have access to an adequate law library or to some alternate form of legal assistance. To state a claim on which relief may be granted, a plaintiff must show that a defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. *Walker*, 771 F.2d at 932*; Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

[4] The Eighth Amendment to the United States Constitution requires officers to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)).

conduct; and (3) the defendant's conduct was substantially motivated at least in part by retaliation for the plaintiff's protected speech and conduct. *Id.* at 394-99. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than *de minimis* harm resulting from it. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X*, 175 F.3d at 396. A plaintiff has the burden of proof on all three elements. *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003).

6

additional defendant or defendants with regard to Plaintiff's retaliation, denial of access to courts, and failure to protect allegations. If Plaintiff elects to amend his complaint, he must do within 30 days of entry of this Memorandum Opinion and accompanying Order. Upon receipt of a timely amended complaint, the Court will screen the amended complaint as required by the PLRA.

If Plaintiff fails to submit an amended complaint within the proscribed time period, this action will be dismissed.

An appropriate Order will be entered.


_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE